STATE OF IOWA v. WILLIAM BARR, Appellant.

**Criminal Law:** APPEAL: VERDICT. A verdict of guilty, the result of an unfair trial, may be reversed on appeal under Code, section 5462, although no specific rulings have been properly objected to, as when defendant's attorney was appointed by the court at commencement of trial without opportunity to prepare the case, and where improper evidence was admitted which was improperly commented upon by the prosecuting attorney.

*Appeal from Delaware District Court.*—HON. A. S. BLAIR, Judge.

WEDNESDAY, FEBRUARY 17, 1904.

DEFENDANT appeals from a sentence for the crime of obtaining money under false pretenses, of which he was found guilty, as the result of a trial on an indictment for that offense.—*Reversed.*

*Hugh Clemans* and *J. B. Powers* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General for the State.

McCLAIN, J.—The evidence tended to show a fraudulent transaction by which defendant secured the loan of $150 from Mrs. Martha Arbuckle by alleged false and fraudulent representations as to his financial standing and his ownership of property. It appears that, pending negotiations for settlement of a civil suit involving the same transaction, the criminal prosecution was postponed until the court was ready to adjourn for the term, and that then, on the failure of the defendant to carry out the terms of the settlement of the civil suit, the criminal prosecution was brought on for trial. On the morning of the day fixed for trial, defendant failed to appear; and the proceedings of the court were delayed until late in the afternoon, before the attendance of defendant could be secured. At this time the attorney who had represented defendant both in the civil suit and in the criminal prosecution asked leave to withdraw his appearance in the criminal case on the ground that defendant had failed to carry out the settlement arranged for in the civil case. The court allowed the attorney to thus withdraw from the criminal case, and asked defendant whom he would have to defend him. Defendant designated an attorney then present, but this attorney refused to act. Thereupon the court appointed another attorney, who had no knowledge of the case whatever, and who was not present. The attorney thus appointed was sent for, and, on his appearance, stated his lack of familiarity with the case, and asked that the trial be postponed until the next day; but, at the suggestion of the court, the

trial proceeded at once, and some of the witnesses for the prosecution were examined before the adjournment of the court for the day. No subpoena for defendant's witnesses had been issued, and late that evening such a subpoena was put into the hands of the sheriff, in which Eliza Barr, the mother of the defendant, was named as one of the witnesses to be called. The subpoena was returned as served on all the witnesses named, but when Eliza Barr was called to testify it appeared that she was not present, and that the subpoena had not been served upon her. There is no evidence that the failure of Eliza Barr to attend as a witness was due to any fault or collusion on the part of defendant. There was no motion for a continuance on this ground, however; and it may, perhaps, be said that no error of law was committed in proceeding with the case in the absence of the witness Eliza Barr. But as some transactions involving her conveyance of certain property were testified to, her presence may well have been very material to the defendant.

The court admitted the testimony of various witnesses as to matters which were not relevant to the issue. For instance, the constable who arrested the defendant testified as to a statement made by him, without anything appearing to show that such statement could have been properly considered as an admission of guilt, and yet the statement was one calculated to prejudice the defendant in the eyes of the jury. Other witnesses were allowed to testify as to a mortgage of Eliza Barr to one Robinson, although it does not appear from the record that such mortgage had any bearing on the question of defendant's guilt. A witness who was examined for defendant was asked on cross-examination whether he had been indicted with defendant for a conspiracy to obtain Mrs. Arbuckle's property, and was required to answer as to having been indicted and arrested on that charge. A witness for the state was allowed to testify in rebuttal as to a conversation with a witness for the defendant in which the latter stated certain facts having a material bearing on the case, and it does not appear that this evidence was

by way of proper impeachment. Another witness testified
in rebuttal for the prosecution as to certain erasures and
changes in a conveyance by Eliza Barr to certain property,
although there is no evidence whatever that defendant had
any connection with, or was in any way responsible for, the
alteration of the conveyance. All of these items of evidence
were allowed over objections made by counsel for defend-
ant, but the objections were too general in terms to call for
a ruling on any specific proposition. We are inclined to
agree with the Attorney General that the rulings were not
technically erroneous. We know of no reason why counsel
in a criminal case should not make his objections as specific
and definite as is required in a civil case, in order to raise
a question of law for consideration upon appeal. As was
said in *State v. Schwab,* 112 Iowa, 666. "Certainly a crim-
inal defendant may waive error on appeal. He does so in
every instance where an exception is not taken below." But
on the other hand, this court is required by the statute to ex-
amine the record in criminal cases without regard to techni-
cal errors or defects which do not affect the substantial rights
of the parties, and render such judgment on the appeal as the
law demands. Code, section 5462; *State v. Nine,* 105 Iowa,
131, 136. And we can and should reverse a criminal case
where it appears on the record that defendant has not had a
fair trial, even though no specific error of law in the rulings
of the court has been properly preserved. We do not wish
to be understood as holding that even in a criminal case we
will reverse for rulings as to which no exceptions have been
preserved, but we may and should reverse on the ground that
defendant has not had a fair trial, even though no specific
rulings have been properly objected to. See *State v. McCor-
mick,* 27 Iowa, 402; *State v. Hathaway,* 100 Iowa, 225.
Now, it must be borne in mind in this case that the defend-
ant had been forced to go to trial without reasonable oppor-
tunity being allowed to the counsel appointed for him to
familiarize himself with the facts of the case, and determine
what questions of law were involved, and what defense could

reasonably be made. This was not a matter as to which any ruling of the court could be effectively secured by counsel who had thus been brought into the case. We cannot believe that the trial court was relieved of all responsibility by the failure of the attorney whom he had appointed for defendant to make specific objections and take specific exceptions under the circumstances attending his engagement in the case. It is apparent from the record that the case was one not without difficulty as to the points of law as well as the questions of fact, and the conclusion we reach that the conviction should not be sustained is based, not on errors of law committed in rulings in the trial of the case, but on the action of the judge in requiring the defendant to go to trial without affording him a reasonable opportunity to be defended by counsel, and in so conducting the trial, in view of these circumstances, as to bring about a conviction without reasonable opportunity to have the merits of the case presented on the law and the facts.

We are constrained, also, to call attention to another incident of the trial, which, as we think, indicates that the case was so presented to the jury that they were likely to be misled to defendant's prejudice. It appears that counsel for the prosecution referred to the alteration of the deed of Eliza Barr, which we have already mentioned, and charged that such alteration constituted forgery on the part of the defendant. There was no evidence whatever, so far as the record shows, that defendant was responsible for such alteration. It appears from the statement made by the court in ruling on a motion for a new trial that this matter was referred to, and the prejudicial nature of such reference is apparent. There was, it appears, no proper objection made to the argument, and no rulings asked which would serve as a basis for a proper exception; but the misconduct of counsel was such that, in our opinion, it could not have been cured by any ruling of the court, and we think that the misconduct may properly be said to have deprived defendant of a fair trial.

We reverse the case, therefore, not on any one particular ruling of the court, but rather, on the general ground that the verdict does not appear to have been the result of a fair trial. Undoubtedly the conduct of defendant in absenting himself at the time when the case was set for trial was exasperating to the court. On the other hand, we are not satisfied that the absence of the defendant was not due to an assumption on his part that, as the civil case had been settled, no further proceedings in the criminal case would be taken. However this may be, the defendant is not to be convicted of a crime, and sentenced to the penitentiary, merely because of aggravating and unjustifiable conduct in connection with the presentation of his case. The burden is on the prosecution to bring him to trial, make out a case against him, and secure a verdict as the result of a fair trial on the merits. Nor are we favorably impressed with a prosecution commenced and kept pending evidently with the purpose of forcing settlement of a civil suit, and with the intention of dismissing it when settlement of the civil claim is secured.

A motion to strike out appellant's denial of appellee's amended abstract is submitted with the case, with a stipulation that the correctness of appellee's amended abstract may be determined from the original record of the district court, which has been duly certified. As we have determined the case on matters which appear without controversy from the abstracts, so far as they are not denied or called in question, we find it unnecessary to pass upon this motion.

The sentence must therefore be set aside, and a new trial is awarded.—REVERSED.