## STROUD *v.* UNITED STATES.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 276.　Petition for rehearing.　Decided January 19, 1920.

Possible error in overruling a challenge for cause in this case was not prejudicial, in view of the number of peremptory challenges allowed to, and their use by, the accused, and the absence of any indication that the jury was not impartial. The former decision, *ante,* 15, reexamined on this point and approved.

Rehearing denied.

*Mr. Martin J. O'Donnell* and *Mr. Isaac B. Kimbrell,* for plaintiff in error, in support of the petition.

Memorandum opinion by direction of the court, by MR. JUSTICE DAY.

In this proceeding on November 24, 1919, this court affirmed the judgment of the United States District Court for the District of Kansas rendered upon a verdict convicting the plaintiff in error of murder in the first degree. *Ante,* 15.

A petition for rehearing has been presented. It has been considered, and we find occasion to notice only so

much thereof as refers to the refusal of the court be-
low to sustain the plaintiff in error's challenge for
cause as to the juror Williamson. The other grounds
urged have been examined and found to be without
merit.

Williamson was called as a juror, and, as we said in our
former opinion, was challenged for cause by the plaintiff
in error. This challenge was overruled, and the juror
was then challenged peremptorily by the accused. The
testimony of Williamson made it reasonably certain that
in the event of conviction for murder in the first degree
he would render no other verdict than one which required
capital punishment. Granting that this challenge for
cause should have been sustained, and that this ruling
required the plaintiff in error to use one of his peremptory
challenges to remove the juror from the panel, we held
that the refusal to sustain the challenge was not prej-
udicial error as the record disclosed that the defendant
was allowed twenty-two peremptory challenges, when the
law allowed but twenty.

In the petition for rehearing it is alleged that the record
discloses that in fact the accused was allowed twenty
peremptory challenges and no more, and this allegation
is accompanied by an affidavit of counsel giving the names
of twenty persons challenged peremptorily by the plain-
tiff in error, and stating that no other peremptory chal-
lenges were allowed to him at the trial. In this statement
the counsel is mistaken. An examination of the original
transcript, as also the printed transcript, shows that a
juror, H. A. Shearer, was called and examined upon his
*voir dire,* (printed transcript, p. 79) and later was peremp-
torily challenged by the plaintiff in error, (printed tran-
script, p. 143) and excused from the panel. H. A. Shearer's
name does not appear upon the list of those as to whom
peremptory challenges were made and sustained in plaintiff
in error's behalf as given in the petition and affidavit for

a rehearing. It does appear in the transcript that plaintiff in error was allowed twenty-one peremptory challenges, and it follows that his right to exercise such challenges was not abridged to his prejudice by the failure to allow the single challenge for cause which in our opinion should have been sustained by the trial judge. Furthermore, the record shows that after the ruling and challenge as to Williamson, the plaintiff in error had other peremptory challenges which he might have used; and the record does not disclose that other than an impartial jury sat on the trial. See *Spies* v. *Illinois*, 123 U. S. 131, 168, and cases cited.

It follows that the petition for rehearing must be denied.

*So ordered.*