(No. 14439.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WILLIAM GARDINER, Plaintiff in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*when errors may be considered although not properly preserved for review.* Where the evidence in a criminal case is close and the prosecuting attorney, unhindered by the court, has taken improper advantage of the inexperience of counsel for the accused to his manifest prejudice, the Supreme Court will consider the errors so intervening notwithstanding they are not properly preserved for review.

2. SAME—*instruction should not leave jury to decide what are the essential elements of the crime charged.* An instruction should not submit to the jury the legal question as to what are the material facts or final essential elements of the crime with which the accused is charged.

3. SAME—*conviction secured in total disregard of the law can not be sustained.* One charged with crime has the right to be tried in accordance with the law of the land, and a conviction secured in total disregard of such law cannot be sustained even though there may be enough competent evidence in the record to authorize a verdict of guilty.

4. SAME—*when instruction as to criminal negligence is erroneous.* An instruction is manifestly erroneous which states that criminal negligence is an unlawful act done carelessly or negligently or a lawful act done without due caution or circumspection; that carelessness is criminal and within the limits supplies the place of direct criminal intent; and that gross carelessness resulting in injury to others is criminal even though the act done is lawful.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ROBERT E. TURNEY, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the criminal court of Cook county finding plaintiff in error guilty of manslaughter and committing him to the penitentiary

The evidence shows that plaintiff in error was in the office of one Welsh, a postal employee, in the afternoon of January 27, 1920; that Welsh had a revolver in his office; that plaintiff in error took the revolver and put it in his coat pocket; that he went from the office of Welsh to 3035 Indiana avenue, Chicago; that five or six physicians occupied a suite of offices at this number and that plaintiff in error frequently called on them; that he was addicted to the use of intoxicating liquors, and on several occasions he had requested these doctors to issue him prescriptions for whisky; that on this occasion he arrived about seven o'clock P. M.; that he came to the office to see one of the doctors about some glasses that he had left there; that the doctors were busy and that he joked with the people who were sitting in the waiting-room; that he was in a happy frame of mind; that the deceased, Dr. Robert S. Bentley, came from his office into the waiting-room and stood leaning against the wall, smoking a cigar; that plaintiff in error walked up to him and said in a jovial manner, "I want to show you a trick I played on Welsh;" that he pulled the revolver out of his pocket while he was saying this; that the revolver was discharged, the bullet striking deceased in the heart; that deceased groaned and fell to the floor; that plaintiff in error exclaimed, "I have shot my best friend! I did not know the gun was loaded! I would give $50,000 or my life if somebody would tell me that the doctor is not dead!" that other physicians rushed out into the waiting-room and examined deceased and told plaintiff in error that he was dead; that he sat down and cried, saying, "What have I done? What will I do? I have

shot my best friend!" that he remained in the waiting-room until he was placed under arrest.

Plaintiff in error is a one-armed man, was fifty-one years of age and had lived in Chicago about twenty-five years. He is an inventor of electrical appliances and has been connected with a number of storage battery companies throughout the country. The assistant State's attorney who conducted the prosecution examined plaintiff in error at great length with respect to his connection with certain battery companies which he had promoted, and sought to show that he had defrauded many people by selling them worthless stock in such companies. He also cross-examined him at great length with respect to his moral character, and sought to show that he had abandoned his family and had lived in an open state of adultery with a woman in Chicago. The cross-examination covers more than thirty pages of the printed abstract, and at least half of it was on matters wholly foreign to the issue. The character of the cross-examination was seriously prejudicial and its manifest purpose was to wrongfully influence the jury. Not satisfied with this, the prosecuting attorney argued to the jury that plaintiff in error had swindled innocent people of their earnings on many different occasions and that he was otherwise a worthless character. He ridiculed the contention of plaintiff in error that he did not know the gun was loaded and that he was playing a joke on his friend Welsh, and argued to the jury that it was not a joke to the widow and family of the deceased and that by his conduct he had deprived the family of their means of support. Most of this irrelevant evidence and improper argument is in the record without objection. Counsel who tried the case in the criminal court is not the same counsel appearing here, and he seems not to have been familiar with the rules of evidence or with the practice in a criminal case. The fact that a person charged with crime is poorly defended will not justify a reversal of the judgment where

it is reasonably supported by the evidence, (*People* v. *Schulman*, 299 Ill. 125,) but where the evidence is close, as it is in this case, and it is clear that the prosecuting attorney has taken advantage of the accused because he was poorly represented and the trial court has permitted such advantage to be taken, then we will consider the errors notwithstanding the failure to properly preserve the questions for review. Although there may be enough evidence in a record, in addition to incompetent testimony, to justify a conviction, a defendant has a right to a trial by a jury and not by this court. He has a right to be tried in accordance with the law of the land, and a conviction secured in total disregard of that law cannot be sustained. Respect for the law and its proper administration demands that persons charged with crime shall not be convicted upon incompetent evidence unless this court can say that the admission of such evidence was not prejudicial.

Instruction No. 20 given on behalf of the People was the instruction submitting to the jury the legal question as to what were the material facts or final essential elements of the crime with which the accused was charged, which instruction has been repeatedly condemned by this court. (*People* v. *Cramer*, 298 Ill. 509; *People* v. *Clark*, 301 id. 428.) The giving of this instruction in this case was reversible error.

People's instruction No. 19 was the same unintelligible instruction on reasonable doubt that was condemned in *People* v. *Jordan*, 292 Ill. 514, and again in *People* v. *Andrae*, 295 id. 445. The giving of this instruction requires that the judgment be reversed.

People's instruction No. 9 was as follows:

"The court instructs the jury that 'criminal negligence' is an unlawful act done carelessly or negligently or a lawful act done without due caution or circumspection. 'Carelessness' is criminal and within the limits supplies the place of direct criminal intent, and gross carelessness resulting in

injury to others is criminal even if the act done is lawful. The court instructs the jury that if the act was unlawful in itself, a greater degree of care and caution is required to exempt from criminal liability, and as a necessary corollary of this rule it follows that a less degree of negligence is required to make it criminal. The more dangerous the act done the greater degree of care and caution to guard against injury is required."

The language of the instruction is stronger argument against it than pages of reasons why it should not have been given. We will not waste the time nor the space to point out in what respects it is wrong. It is sufficient to say that there is reversible error in every sentence.

The judgment of the criminal court is reversed and the cause is remanded.

*Reversed and remanded.*