BLITSTEIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 8—June 4, 1935.*

For the plaintiff in error there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *Leonard P. Baumblatt.*

For the defendant in error there was a brief by *John R. Brown,* district attorney of Racine county, *O. M. Edwards,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Edwards, Mr. Brown,* and *Mr. Messerschmidt.*

The following opinion was filed April 2, 1935:

FAIRCHILD, J. Defendant's counsel in a lawyerlike manner frankly admit that, in the matters pointed out showing a lack of experience on the part of those representing defendant at the trial, no one thing complained of affects the defendant's right to an extent entitling him to a new trial. But they do claim that the accused was not fairly represented or his rights safeguarded because of the accumulated effect of the mistakes and failures on the part of counsel.

The right to a new trial is based on the inexperience of counsel appointed by the court. We are leaving aside in our consideration of the case the petition by the defendant for the appointment of the particular attorney. Inexperience in a relation of this character is of itself no ground for a new trial. *People v. Schulman*, 299 Ill. 125, 132 N. E. 530. There must be a resulting deprivation of a substantial right. *State v. Barr*, 123 Iowa, 139, 98 N. W. 595. If the record discloses that the defendant has suffered in this respect, a new trial should follow. The consideration in this matter is thus limited to a determination as to the existence of acts or failures on the part of the defense during the trial which deprived the accused of rights belonging to him. It is therefore not necessary to analyze the evidence as it may relate to each of the items set out in the contention of the defendant, for a review of the evidence properly presented shows the verdict to be amply sustained.

A plea of insanity was entered and later withdrawn. This withdrawal occurred after convincing proof had been offered of the defendant's mental soundness. The fact that some contest might still have been waged over the issue does not make the act of withdrawing the plea one of negligence on the part of counsel. While some controversy over the question, had the plea not been withdrawn, might have created an atmosphere of doubt which in turn might have affected some or all of the jurors, still, when the fact of sanity is established and stands as a fact, the defendant cannot be said to have been deprived of any right. The defendant has not been injured by reason of the recognition by the court and counsel of the truth. There must be a convincing showing that defendant has been deprived of a substantial right. *People v. Gardiner*, 303 Ill. 204, 135 N. E. 422; *State v. Jukich*, 49 Nev. 217, 242 Pac. 590; *People v. Schulman, supra; State v. Barr, supra.* Had defendant been insane and a failure of proof going to that issue had resulted through the ignorance or incompetence of counsel appointed

by the court, we would have a condition such as is treated in cases relied on by defendant.

It appears that, after an examination by the commission of physicians appointed by the court, no substantial ground existed for controversy over the fact of sanity or over the fact that defendant was responsible for his acts. Dr. Lorenz, who was corroborated by the other members of the commission, testified that:

"We looked very thoroughly into the whole situation, his previous interests,—in fact as he carried on throughout his life as he could relate it. We first—at least I first satisfied myself concerning his present mental condition and came to the conclusion he was sane at the present time. He could have nothing in his prior life or anything surrounding that particular homicide that suggested any form of insanity. I couldn't find anything insane in his act or behavior just prior or during or after the homicide. It is my impression and belief he is illiterate but he has shown a remarkable ability to get along in spite of these handicaps. I think he evidenced considerable mental capacity and I decided he was not feeble-minded."

In the prosecution of criminal cases as well as of civil cases, the purpose which the court must have in mind is that the truth shall be developed so that a proper judgment may be granted. As a practical matter, it may sometimes happen that because of the skill of a lawyer advantages may be gained by a defendant to which, judged by a strict standard, he is not entitled. Cases have occurred, and practicing lawyers appreciate that defendants guilty of murder in the first degree have been found guilty of murder in the second degree or even lesser degrees of homicide. Where that has happened and the evidence sustains the lower verdict of the jury, the sentence is fixed accordingly. But where the evidence clearly shows the existence of a degree of homicide as found by the jury, and where it appears that no different verdict would be found, except for the possibility of a more persuasive management of the defense gaining some advan-

tage, there is no foundation for the granting of a new trial. The inexperience charged against the first counsel for the defense does exist in the particulars pointed out by the present counsel, but they do not change the controlling facts nor militate against the righteousness of the judgment entered. A poor defense of a person charged with a crime will not justify a reversal of the judgment. The occasion for granting a new trial does not exist where the evidence shows the commission of the acts and supports the finding of intention. The evidence in this case establishes an unlawful killing by the defendant and a motive on his part. This evidence is of such a nature that no degree of skill on the part of counsel could have kept the truth from the jury. The possibility that had greater skill been employed it might have induced a finding of a lesser degree of crime than an exact measure of the evidence warranted, or the probability that by some art of persuasion there might have been secured an advantage to which the defendant was not legally strictly entitled, as a matter of law, cannot be varied or transformed into a lost substantial right.

Defendant's more or less unhappy existence extending over a period of thirteen years ended in a quarrel with his wife which lasted for several hours, and at the end of which defendant, while his wife was evidently fleeing from him, seized an iron bar, struck her, and, when she fell, inflicted further wounds, and then proceeded to the police station and surrendered to the authorities. A careful study of the record in this case compels the adoption of the ruling of the court below. The defendant is entitled only to be judged according to the act of which he is guilty, and we agree with the trial court in his ruling upon the motion for a new trial, and quote the following from his opinion:

"Undoubtedly the special plea of insanity could have been more extensively elaborated and technically presented by experienced and resourceful counsel, but I am satisfied that the issue was presented by defendant's counsel upon the

trial so as to lay before the court and jury all the salient facts concerning the defendant and his act in question and so as to enable a jury of ordinary, common-sense laymen to arrive at a proper and just conclusion concerning the defendant's legal responsibility for the homicidal act. The special plea of insanity was properly withdrawn. I am satisfied the defendant was not insane or so feeble-minded at the time in question that he should not be held legally responsible for his act.

". . . Much of the matter submitted in connection with the motion for a new trial is incompetent, irrelevant and immaterial. Notwithstanding that I have considered everything presented. If I thought the result of the trial unjust, wrong, a miscarriage of justice, or that the defendant had through any cause been deprived of material rights or that he did not have a fair trial, I would not hesitate to grant a new trial, but convinced as I am to the contrary and entertaining no doubt that a just conclusion was pronounced by the jury, even though the defendant was nagged, irritated, provoked to anger as he testified, by the wife he killed, the motion for a new trial is denied. Judgment of the court will be effective forthwith."

Our attention is called to apparent failure on the part of counsel acting for defendant to examine character witnesses, and the failure to secure the introduction into evidence of the fact that the close relatives of defendant were insane; that a preliminary examination was waived; and that but a brief space of time was used in the matter of selecting the jury. These do not constitute error, and we consider that, when taken in connection with all that did transpire, neither one nor all together prejudiced the defendant's case in any particular. *State v. Jukich, supra.*

*By the Court.*—Judgment affirmed.

FRITZ and NELSON, JJ., dissent.

A motion for a rehearing was denied, without costs, on June 4, 1935.