447 P.2d 279

Roman TRUJILLO, Plaintiff-Appellant,

v.

STATE of New Mexico, Defendant-Appellee.

No. 8662.

Supreme Court of New Mexico.

Nov. 18, 1968.

Leon Karelitz, Las Vegas, for plaintiff-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Spencer T. King, Asst. Attys. Gen., Santa Fe, for defendant-appellee.

## OPINION

COMPTON, Justice.

Appellant appeals from an order denying post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953. He was charged in the district court with the crime of murder when he was seventeen years of age, and entered a plea of guilty to first degree murder. He was sentenced to life imprisonment in the penitentiary. Some seven years later, after he had attained his majority, he commenced habeas corpus proceedings and was discharged due to procedural error in transferring jurisdiction from the juvenile court to the district court. Trujillo v. Cox, 75 N.M. 257, 403 P.2d 696. He was then charged in the district court with the same murder to which

he had pleaded guilty previously and, upon arraignment, with counsel, he again entered a plea of guilty to murder in the first degree and was sentenced to life imprisonment.

At the Rule 93 hearing upon the issues raised by appellant's motion, the court concluded that the sentencing court had jurisdiction to try the accused for murder and that his plea of guilty was voluntary. An order was entered accordingly, and he appeals.

 Appellant makes the contention that the district court did not have jurisdiction to try him for a murder committed when he was a juvenile. We disagree; the district court is one of general jurisdiction, Art. VI, § 13, New Mexico Constitution, and the fact that proceedings were instituted against him for the same murder after he had attained his majority did not preclude prosecution for the crime of murder. Sections 13–8–20, 13–8–26, subd. B and 13–8–29, N.M.S.A.1953. Other jurisdictions with statutes similar to ours have reached this conclusion. State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 89 A.L.R. 2d 496. In this connection, we note that § 13–8–26, subd. B, by its language, specifically provides for retention of the juvenile court's jurisdiction obtained over a minor under 18 until he reaches 21. It would follow that no provision is made for jurisdiction in that court when the age of 21 is passed. Also, in the proviso in § 13–8–27, N.M.S.A.1953, which permits transfer to district court, all references are to a "child" over 14 years of age. A "juvenile" is defined in § 13–8–20, N.M.S.A.1953, as a person less than 18 years of age. "Child" does not appear to be defined, but must be either the same as a juvenile or, at least, not a person over 21 years of age. Section 13–8–20, N.M.S.A.1953, says that anyone over 18 years of age is an "adult." The language of § 13–8–29, N.M.S.A.1953, is noteworthy, wherein it is stated that the exclusive jurisdiction of the juvenile court over juveniles continues until the juvenile reaches 21 or transfer is made under § 13–8–27, N.M.S.A.1953. Applying this language, under the facts here, where an offense was committed by a boy under 18 but over 14, jurisdiction of the juvenile court attached and continued until he reached 21. After that, the jurisdiction ceased and there was nothing to prevent proceeding without following § 13–8–27, N.M.S.A. 1953. State ex rel. Trujillo v. Neal, 75 N. M. 458, 405 P.2d 938. Another question might arise if the prosecutor delayed proceeding until the juvenile passed 21 in order to avoid the requirements of the juvenile code. However, no such question is here present.

 Appellant further contends that since he had pleaded guilty to murder in the first degree, to try him again for first degree murder constituted double jeopardy in violation of Art. II, § 15, New Mexico Constitution. We fully appreciate the application of this fundamental rule but the former conviction being void, State v. Nance, 77 N.M. 39, 419 P.2d 242; Morgan v. Cox, 75 N.M. 472, 406 P.2d 347, the appellant's life was never in jeopardy. See State v. Williams, 39 N.J. 471, 189 A.2d 193. The effects of the former proceedings were as if there had been no former trial. State v. Dehler, supra; Stroud v. United States, 251 U.S. 380, 40 S.Ct. 176, 64 L.Ed. 317. When he sought a reversal of the former proceedings on jurisdictional grounds, he assumed the risk of a more severe penalty. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, State v. Dehler, supra; Stroud v. United States, supra; and Annot., 12 A.L.R.3d 978. Compare State v. Paris, 76 N.M. 291, 414 P.2d 512. But appellant asserts that his plea of guilty was involuntary because he was not correctly advised whether on retrial the death penalty could again be submitted to the jury. This claim of error has no merit. It appears that appellant was correctly advised by his counsel in this regard and chose voluntarily to enter a plea of guilty to murder in the first degree rather than risk his fate to the hands of a jury on a charge of first degree murder. Compare State v. Miller, 79 N.M. 392, 444 P.2d 577; State v. Archie, 78 N.M. 443,

**620**

432 P.2d 408; and Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966).

 Previous to any court proceedings against appellant, he had been committed to the state hospital for the insane for treatment of a mental disorder but had been discharged some years before the offense was committed as being non-psychotic. He now claims that there existed the possible defense of insanity at the time of the commission of the offense and that this defense, while reasonably available to counsel, was not inquired into by his counsel prior to his plea of guilty, thereby suggesting, though not arguing, inadequacy of counsel and involuntariness of his plea. Specifically, the fact that defense counsel admitted he did not know of appellant's previous insanity commitment and did not consider making an insanity defense, does not impress us as indicating any shortcomings in defense counsel's services. The record discloses a great deal of effective work on counsel's part. A writ of habeas corpus was successfully prosecuted, following which an earnest effort was made to get appellant's discharge because he was no longer a juvenile. State ex rel. Trujillo v. Neal, supra. Although not successful, the action certainly indicates serious and considered efforts on the part of counsel. As far as inquiring concerning prior sanity hearings or proceedings and considering a possible insanity plea, we are impressed with counsel's testimony that he considered appellant "very literate and unusually intelligent from a standpoint of a man of his very limited academic background." Also, appellant's concern about receiving a possible death penalty in the event of an unsuccessful defense—whether insanity, or otherwise—as evidenced by his willingness to plead guilty to avoid it, all clearly establishes the fact that failure to advance insanity as a possible defense may be denominated a trial tactic of appellant, even if not of his counsel. People v. Heirens, 4 Ill.2d 131, 122 N.E.2d 231, cert. denied, 349 U.S. 947, 75 S.Ct. 876, 99 L.Ed. 1273, presented a fact situation comparable to that here present, except that in that case

certain circumstances were present even more favorable to the prisoner than in the instant case. See, also, Blitstein v. State, 218 Wis. 356, 259 N.W. 715; 59 Northwestern Univ.L.Rev. 289, 313. This claim of error is found to be without merit. Compare State v. Martinez, 79 N.M. 232, 441 P.2d 761; State v. Apodaca, 78 N.M. 412, 432 P.2d 256; State v. Moser, 78 N. M. 212, 430 P.2d 106; Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958); Burton v. United States, 80 U.S. App.D.C. 208, 151 F.2d 17 (1945); Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667 (1945); and Scalf v. Bennett, 147 N.W.2d 860 (Iowa).

Other questions urged for reversal of the order have been considered and found without merit.

The order will be affirmed. It is so ordered.

CHAVEZ, C. J., MOISE and CARMODY, JJ., and J. M. SCARBOROUGH, District Judge, concur.