Quirino Larry ACUNA, Appellant,

v.

J. E. BAKER, Warden, Appellee.

No. 10150.

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1969.

Rehearing Denied Nov. 12, 1969.

Murrah, Chief Judge, and Holloway, Circuit Judge, dissented.

James H. Paddleford, Okl. City, Okl., for appellant.

Joseph F. Baca, Albuquerque, N. M. (Boston E. Witt, Atty. Gen., State of New Mexico, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT, LEWIS, BREITENSTEIN, HILL, SETH, HICKEY and HOLLOWAY, Circuit Judges.

PICKETT, Circuit Judge.

In June of 1964, appellant, Acuna, a youth under the age of eighteen years, was brought into the juvenile court of New Mexico on a charge of aggravated battery. The New Mexico Statutes provide that the juvenile court shall have exclusive jurisdiction over juveniles under the age of eighteen years who have violated any law of the state or have been guilty of other conduct not important here. N.M.Stat.Ann. § 13–8–26 (1953). When a juvenile over the age of fourteen years is charged with an offense which would be a felony if committed by an adult, the juvenile court, after a full investigation, may in its discretion certify the youth to any court having jurisdiction of such offense for appropriate criminal proceedings. N.M. Stat.Ann. § 13–8–27 (1953). Following an investigation, the juvenile court certified Acuna to the state district court for prosecution, where Acuna entered a plea of guilty to an information filed and was sentenced to serve a term of two to ten years in the New Mexico State Penitentiary. After exhausting his state remedies, State v. Acuna, 78 N.M. 119, 428 P.2d 658 (1967), Acuna brought this habeas corpus proceeding seeking release upon the ground that the state district court did not have jurisdiction of the accused because the juvenile court had not adequately advised him of his constitutional right to be represented by an attorney in the certification proceedings. The relief sought was denied.

The facts are not in dispute. At the time of the certification proceedings in the juvenile court, Acuna and his mother were present and were advised of their right to obtain and be represented by counsel. They were not told that counsel would be furnished without expense to them, nor did the court at that time offer to furnish counsel. It was stipulated that neither Acuna nor his parents were financially able to employ counsel. Except for lack of counsel, no irregularity is claimed in the certification proceedings.

After certification to the district court, competent counsel was appointed for Acuna. He was adequately represented at all stages of the proceedings in that court. On January 12, 1965, the aforesaid plea of guilty by Acuna was entered and the sentence duly pronounced. Relying upon Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, Acuna argues that failure of the juvenile court to advise him or his parents of the right to have counsel appointed for him nullified the entire certification proceeding and the district court did not have jurisdiction; consequently, the sentence is without basis. While the *Kent* and *Gault* cases imply that the certification hearing is a "critical stage proceeding" at which a juvenile is entitled to the assistance of counsel, there is no indication that if the certification is made that the district court does not have jurisdiction to proceed if no objection is made in that court where the juvenile is adequately represented by counsel. In State v. Acuna, *supra*, the Supreme Court of New Mexico upheld the sentence. Thereafter, in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968), after the *Kent* and *Gault* decisions, the court again considered the identical question and upheld the jurisdiction of the district court to sentence the juvenile. In the *Neller* decision the right of the juvenile, after certification, to object to the adequacy of the certification proceedings and request a remand to the juvenile court "for a proper hearing" was recognized. Relying in part on Salazar v. Rodriguez, 10 Cir., 371 F.2d 726, the New Mexico Supreme Court held that Neller's plea of guilty in the district court waived any defects in the certification proceedings. In *Salazar* we considered facts similar to those presented here and sustained the sentence of the district court holding that "a voluntary plea of guilty waives prior procedural defects and constitutional infirmities." We find nothing in the *Kent* and *Gault* cases which compels a departure from the *Salazar* decision.

Affirmed.

MURRAH, Chief Judge, with whom HOLLOWAY, Circuit Judge, concurs, dissenting.

I must dissent because of my conviction that Salazar v. Rodriguez, 371 F.2d 726, upon which this case is made to turn, was wrongfully decided and should now be overruled. It seems to be conceded in this court that since In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, Acuna was constitutionally entitled to the assistance of counsel in the certification proceedings. It also seems to be agreed that he did not have counsel, was financially unable to employ one, and none was offered. This court apparently excuses the lack of counsel at this admittedly critical state of the proceedings against Acuna on the grounds that under New Mexico law his assigned counsel in the District Court could have successfully moved to remand the case to the Juvenile Court for a proper hearing, i. e. see Neller v. State, 79 N.M. 528, 445 P.2d 949, 953 following Salazar. And having pleaded guilty in the District Court with counsel, Acuna impliedly waived his constitutional right to counsel in the certification proceedings.

Following the teachings of Salazar and the New Mexico cases, the court equates the certification proceedings to a preliminary hearing accorded an adult in New Mexico in which it has been repeatedly held that although an accused is entitled to counsel he is presumed to have effectively waived that right when, with the aid of counsel, he fails to request a preliminary hearing and enters a voluntary plea of guilty. Both this court and the New Mexico court have, however, been careful to point out that the absence of prejudice in the preliminary hearing is a jurisdictional predicate to a valid waiver. See Mahler v. United States, 333 F.2d 472, Gantar v. Cox, 10 Cir., 351 F.2d 65, Pearce v. Cox, 10 Cir., 354 F.2d 884, and Neller, supra.

To me, there is a clear and significant difference in the waiver of a non-prejudicial preliminary hearing and the waiver of the right to counsel by an indigent juvenile in a proceeding which resulted in the deprivation of his statutory right to be treated with the solicitude of a juvenile and was made subject to the penalties of an adult. By the transfer of jurisdiction to the District Court, Acuna manifestly suffered an irreparable prejudice.

Under New Mexico law, the Juvenile Court is vested with exclusive jurisdiction of a juvenile delinquent and that jurisdiction continues unless and until jurisdiction is conferred upon the district court pursuant to a statutory certification proceeding, or until the juvenile reaches age 21. See Trujillo v. Cox, 75 N.M. 257, 403 P.2d 696 and Trujillo v. State, 79 N.M. 618, 447 P.2d 279. For the plainest of reasons, I would also hold that the district court does not acquire jurisdiction until it has been conferred by statutory certification proceedings in which the juvenile is afforded the right to have the guiding hand of counsel.

But, regardless of the diversity of our notions of state law concerning comparability of New Mexico certification proceedings to a preliminary hearing, the salient issue here is the waiver of a federally guaranteed constitutional right, and is, of course, a federal question controlled by federal law. There is always a presumption against the waiver of the right to counsel. To be effective, there must be an intentional relinquishment or abandonment of the known right. Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314. See also Boykin v. State of Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 514–516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70. And see Browning v. Crouse, 10 Cir., 356 F.2d 178 and Smith v. Crouse, 10

Cir., 413 F.2d 979. Unless the known right to counsel has been competently and intelligently waived, lack of counsel stands as a jurisdictional bar to a valid conviction and sentence. See Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

It seems safe to say that before the advent of Gault in 1966, the Fourteenth Amendment right of a juvenile to the assistance of counsel in a juvenile court proceeding was not generally recognized. Indeed, the contemporary state of the law was reflected in the advice of the Juvenile Court to the effect that Acuna had a right to obtain counsel but had no right to have one assigned in the event he was financially unable to employ one. Indeed, when on appeal to the New Mexico Supreme Court, Acuna sought to vacate the judgment and sentence of the District Court on the grounds that he had not been fully advised of his right to counsel in the juvenile proceedings, the New Mexico court did not think that the certification proceeding was a critical stage of the criminal proceedings against Acuna. On rehearing after Gault, that court continued to believe that Acuna had been accorded all the rights to which anyone else charged with a crime in New Mexico was entitled. See State v. Acuna, 78 N.M. 119, 428 P.2d 658.

It is thus clear that counsel for Acuna in the District Court could not have known in the exercise of ordinary professional acumen that Acuna was constitutionally entitled to the assistance of counsel in the Juvenile Court proceedings. Surely it cannot be said that Acuna impliedly waived the right to counsel which he did not know was constitutionally available to him.

It is my view that Acuna was entitled to the assistance of court assigned counsel at the certification proceedings; that the lack of counsel was clearly prejudicial; and that he did not expressly or impliedly waive it. This means that the lack of counsel operated as a jurisdictional bar to the prosecution in the District Court unless we can say with as-

surance that Gault should not be given retroactive effect. As to that, the teachings of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 and McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, are undoubtedly dispositive. And see Heryford v. Parker, 10 Cir., 396 F.2d 393. The absence of counsel went to "the very integrity of the fact-finding process." Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601. But this does not mean that Acuna is immune from prosecution. If, after all these years of litigation, he is yet a juvenile, there is no bar to another certification proceeding to be conducted in accordance with the statute, with constitutional safeguards. If he is no longer a juvenile, there is nothing to prevent prosecution in the District Court without proceedings in the Juvenile Court. See Trujillo v. State, 79 N.M. 618, 447 P.2d 279.