RICHARDSON et al. v. CHICAGO PACKING AND PROVISION COMPANY et al.*

S. F. No. 1689; December 19, 1900.

63 Pac. 74.

Corporation—Unpaid Subscriptions.—A Judgment Creditor of a Corporation Sued to enforce unpaid balances on stock subscriptions of fifteen stockholders. One of the defendants was also a

judgment creditor of the corporation, but the action was dismissed as to him, and he became plaintiff by the court's order. The corporation owed no other debts. The original plaintiff's claim was paid by the fourteen remaining defendants, under a stipulation in which none of the other plaintiff's rights were relinquished, and the court gave the fourteen defendants a several judgment against such plaintiff by way of contribution, ignoring the fact that he was also a creditor of the corporation. Held, that such plaintiff was entitled to have the amount of his proportionate liability to the corporation on both claims deducted from his own claim, and the balance due him apportioned against the fourteen defendants.

Corporation—Unpaid Subscriptions.—Where a Creditor has the Right to be Subrogated to the rights of a corporation to claim unpaid balances due on shares, he does not lose that right by reason of the fact that he is a stockholder.[1]

Attorneys.—Where Plaintiff's Attorney Entered into a Stipulation with defendants solely on behalf of a coplaintiff, reserving all plaintiff's rights, the fact that the attorney was also attorney for plaintiff did not render the agreement binding on plaintiff.

Corporation — Enforcement of Subscriptions.—Where a Subscriber for corporate stock sought to enforce subscriptions made under the same circumstances as his own, he could not repudiate his liability thereon under Civil Code, section 359, providing that no corporation shall issue stock except for money paid, labor done or property received.

Corporation.—Where Stockholders Agreed That Shares Should be Deemed fully paid by payment of a stated amount less than the par value, a creditor, who was also a stockholder, could not compel the payment of the par value of shares owned by other stockholders, the creditor being a party to the agreement.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by Thomas Richardson and V. L. Fortin against the Chicago Packing and Provision Company and others. From a judgment for defendants and from an order denying a new trial plaintiff Fortin appeals. Reversed.

Wm. H. Jordan (H. M. Barstow of counsel) for appellant; Edw. C. Robinson, B. McFadden and Fitzgerald & Abbott for respondents.

PER CURIAM.—Action to recover from the stockholders of defendant corporation the unpaid balance of their subscrip-

---

[1] Cited in the note in 99 Am. St. Rep. 505, on the right to subrogation.

tions.  Defendants had judgment, from which, and from an order denying his motion for new trial, plaintiff V. L. Fortin appeals.

The action was originally brought by plaintiff Richardson, as a judgment creditor of defendant corporation, against seventeen defendants, among them Fortin; but the action was dismissed as to him, and he became, by order of the court, a coplaintiff.  Judgment was afterward entered by stipulation in favor of Richardson against the defendants severally excepting Lieb and Buttenbach (as to whom the action had been dismissed), and Fortin became the sole plaintiff, whose complaint was similar to that of Richardson.  After Fortin had filed his complaint as coplaintiff, the defendants obtained leave of court to file, and did file, a cross-bill with the object of bringing in some forty-one parties as codefendants, who, it was alleged, were subscribers to the capital stock of defendant corporation, but had not been made defendants at the commencement of the action.  The prayer of this cross-complaint was that the persons named therein as codefendants "be compelled to pay to these defendants filing this cross-complaint, by way of contribution, such proportion of any judgment or judgments in favor of said Thomas Richardson or said V. L. Fortin which have been or may be recovered in this action as may be just and equitable in the action," and for further relief, etc.  This cross-complaint was served on thirty-odd of such new parties, three of whom defaulted; the others answered severally.  Fortin's complaint was answered by the original defendants, but the cross-bill of the fourteen defendants was not served on Fortin, nor was it answered by him.

The court. found the number of shares subscribed by each of the fourteen original defendants (the action having been dismissed as to defendants Fortin, Lieb and Buttenbach); that said defendants had subscribed to the stock with the agreement among all the said original seventeen, including Fortin, with the corporation, that each of them should be liable to pay $50 per share, and no more, on shares of the par value of $100, and that said subscribed shares should be deemed fully paid up when said $50 per share had been paid thereon; that said agreement was well known to Fortin at the time he became a creditor of the corporation for the goods and merchandise and labor, the subject of his action, and that

Fortin was himself a subscriber to fifty shares of said stock under said agreement; that there were seven original corporators and promoters of the corporation, who are among the said fourteen defendants, and were the directors and the only subscribers at that time; and "it was then unanimously agreed between and among themselves that it was for the best interests of the corporation to sell and dispose of the first half of the capital stock, to wit, 2,500 shares, at the price of $50 per share, for the purpose of raising working capital to start and carry on the business of the corporation"; and it was likewise so agreed that the said seven original corporators should be required to pay $50 per share on their subscribed stock, and no more, and that, such payment being made, their shares should be deemed fully paid up, "and that all persons who should thereafter subscribe for said capital stock, until one-half thereof should be taken, should be required to pay the same price, to wit, $50 per share, and no more"; and it is found that Fortin had knowledge of this agreement when he became creditor of the corporation; that subscription books were opened by the said seven directors (they being then the only subscribers), in which books such limitation of liability was stated, and all subscriptions to stock thereafter made by said fourteen defendants and all others "were made in said books upon said terms"; that "said agreement among and by said directors was not evidenced by any form of resolution of the board of directors or the stockholders theretofore or at that time passed or entered in the records of the corporation, but was unanimously agreed to by said seven directors and only stockholders, and on March 26, 1888, was ratified by resolution duly passed by the board of directors and entered upon the minutes of said board of directors"; that Fortin subscribed to fifty shares of said stock on February 9, 1888, upon the same terms as did the defendants; that all these agreements and the said subscriptions of stock thereunder "were each and all made openly and in good faith, and for the purpose of raising money to fairly launch a new and struggling enterprise, and not for the purpose of defrauding the corporation or its stockholders or creditors"; that $50 per share was the full value of said stock, and all that the subscribers were willing to subscribe therefor or become liable thereon; that all the subscribers to stock, of whom there were many besides the said fourteen defendants and

said plaintiff Fortin, received their stock under this agreement, and said Fortin "had full notice and knowledge of that fact before he sold and delivered, or agreed to sell or deliver, any part of the goods . . . . for which he is seeking to recover in this action." The court then finds the sums subscribed by each of the fourteen defendants and the amount each has paid thereon, and that Fortin has paid nothing on the fifty shares subscribed for by him; that the last meeting of the board was held April 4, 1888, since which time "it has ceased to meet and has not discharged any of the duties of a board of directors of said corporation; that on or about the —— day of May, 1888, the defendant corporation ceased to exercise its corporate franchise, and then or thereabouts abandoned its corporate franchise, and ever since has failed and ceased to act as a corporation; that said corporation has no property or assets save and except its equitable asset represented by the unpaid subscriptions of the various subscribers to its capital stock, and has and had, at the time this action was commenced, no creditors save and except Thomas Richardson and V. L. Fortin, the plaintiffs herein." The court found that the judgment entered in favor of plaintiff Richardson was for $6,074.60, in pursuance of a stipulation entered into by said fourteen defendants, and each was to pay, and did pay, his pro rata share thereof; and that said fourteen defendants were indebted to the corporation for subscriptions to its stock the sum of $7,250, and no more; that they paid upon their subscriptions $7,275, including said Richardson judgment, in paying which some subscribers paid slightly more than their proportion, and others paid slightly less, the total overpayments being $100, and the underpayments $75.40, and that said defendants are indebted to the corporation for this latter amount, and no more. The court found that Fortin was indebted to the corporation for the unpaid subscription for fifty shares of stock, or $2,500, and that the judgment held by him against the corporation for which he sued was $6,514, entered on September 24, 1888, with interest at seven per cent from that date; that he realized thereon, through an execution duly issued, and sale of certain property of the corporation, a certain sum, leaving still due a deficiency of $4,992.50, which was docketed November 28, 1888, and is still unsatisfied.

As conclusions of law the court found, in effect, that the said fourteen defendants were liable to the corporation only for any unpaid balance of $50 on each share subscribed for by them respectively; that, as Fortin had knowledge of the agreements herein stated before he sold or delivered the goods sued for, he has no greater rights against said defendants than against the corporation itself, and that Fortin is equally bound by said $50 per share agreements, and can exact no more than $50 per share on defendants' subscriptions; that the unpaid balance thereof is $75.40, and no more; that Fortin, "being an unpaid subscriber at the time these fourteen defendants paid the Richardson judgment, is liable to said fourteen defendants, by way of contribution, for his just proportion of said Richardson judgment, . . . . and his proportion is $1,482, with interest . . . .; making . . . . $1,793.82." Decree was accordingly entered in favor of the fourteen defendants severally against Fortin in sums varying according to their respective payments on the Richardson judgment. The stipulation to pay Richardson was signed by counsel for the fourteen defendants, and at the time the attorney of Richardson was the attorney of Fortin, and it was stipulated that the Richardson "judgment shall in no respect affect the right of plaintiff V. L. Fortin to judgment, and shall not be an adjudication of any point or matter either against or in favor of said V. L. Fortin." The court made no findings as to the thirty-odd new defendants, who were made parties to the action by the cross-complaint of the fourteen original defendants. Appellant contends that the decision is against law in the following particulars: (1) In failing to determine the issues arising upon the cross-complaint of the fourteen original defendants, and the answers thereto; (2) in adjudging Fortin indebted to these fourteen defendants by virtue of his stock subscription; (3) in failing to adjudge Fortin entitled to recover the sum found due him on his judgment against the corporation; and (4) in deciding that the sum of $50 per share constituted the entire subscription liability of each defendant.

1. Assuming the validity of the agreement under which the stock was issued, and that it was binding on the stockholders who received shares under it, as between themselves, and that upon payment of fifty per cent by a stockholder his

liability to the corporation was fully discharged, did the payment to Richardson have the effect found by the court? Richardson and Fortin were both creditors, the latter being also a stockholder. The findings show that the total indebtedness of the corporation was made up of the two judgments held by Richardson and Fortin, respectively; the total debt was the sum of these two judgments; the fourteen defendants and plaintiff Fortin, as stockholders, were respectively liable to the corporation to the extent of any unpaid balance of their stock, and the creditors were entitled to be subrogated to the rights of the corporation. But the court treated the payment of Richardson's judgment by the fourteen defendants not only as discharging them from liability to Fortin as a creditor, but as giving them a right to a several judgment against Fortin by way of contribution, entirely ignoring the fact that Fortin was a creditor of, as well as debtor to, the corporation. Fortin could not complain if he had agreed that these defendants might pay Richardson in full, and thus discharge their liability to the corporation. The stipulation, however, under which the fourteen defendants paid the Richardson judgment expressly reserved to Fortin all rights in the pending action, and under that stipulation these defendants could not deprive Fortin of his right to contribution as a stockholder or his right as a creditor of the corporation. When the fourteen defendants paid Richardson, it was subject to an equitable adjustment of their and Fortin's rights as stockholders and Fortin's rights as a creditor, as shown by the pleadings and evidence. Simply stated: The fourteen defendants and Fortin were liable for the two judgments sued upon, within the limit of $50 per share, to the extent of the unpaid balance of their subscribed stock. A judgment could not be entered against Fortin in his own favor, as he was plaintiff; but the proportionate amount due from him on both claims sued upon should have been deducted from the amount due him on his judgment, and he should have had a several judgment against each of the fourteen defendants for his proportionate share of the indebtedness of the corporation to him. In other words, Fortin should be treated as both creditor and debtor, and in arriving at what should be paid him there should be first deducted from his claim the amount of his proportionate liability to the corporation on both claims, and the balance should be apportioned among

the said fourteen defendants, and judgment entered accordingly. The right of the creditors to be subrogated to the corporation to the extent of claiming any unpaid balance due from the stockholder to the corporation is too well settled to require any citation of authorities, and a creditor does not lose this right by being a stockholder. He may be postponed to other creditors not stockholders, but the principle does not apply here, as the only other creditor was fully paid. This principle admitted, it seems to us too plain to require argument that the trial court erred in ignoring Fortin's relation as a creditor. If the fourteen original defendants chose voluntarily to pay Richardson, stipulating that Fortin's rights should be unaffected thereby, we do not see upon what principle Fortin can be made to suffer. The claim that Fortin is estopped because his attorney was Richardson's attorney is not tenable. The attorney did not stipulate for Fortin, and, besides, if he had, Fortin was fully protected by the terms of the stipulation. It was held in Welch v. Sargent, 127 Cal. 72, 59 Pac. 319, that when the corporation is insolvent (as is the case here) the creditors cannot take upon themselves the authority of the corporation, and pay the subscription to one creditor to the injury of the other creditors. This was, in effect, what these fourteen defendants did. They undertook to relieve themselves by paying their entire subscription to one creditor—Richardson—wholly disregarding the rights of the remaining creditor, Fortin.

2. In the cross-bill filed with the answers of the fourteen original defendants certain thirty-odd other stockholders were brought into the action, and most of them were served, and appeared by answer; and it was alleged in the cross-bill that they were solvent, and able to contribute their share of any judgment rendered. This cross-bill was not served on Fortin, the coplaintiff, nor was it answered by him. But he claims that the parties were before the court, and the issues presented by their pleadings were there also; and that, as the avowed object of the pleadings was to have an adjudication of the liability of these new parties, and to compel them to bear their just proportion of any relief to which the original complainant should be found to be entitled, the court should have found upon these issues. The fourteen defendants having, as they supposed, fully discharged their liability by paying Richardson (in which they each paid substantially fifty per

cent of their corporate liability), and the court having so regarded their payment, it became a matter of indifference to them, and apparently so to the court, what was done with these new parties; and the trial court therefore cut the case in the middle at this point, and made no findings as to them, thus in effect increasing the burden of the original fourteen defendants and Fortin also. These fourteen defendants do not appeal, and cannot complain; but Fortin complains, and now insists that he should have had the benefit of findings, and, if these additional parties were in fact stockholders, and still owed the corporation as subscribers to its stock, they should have been made to share his burden. The question need not be decided, since the case must be remanded, and plaintiff Fortin can, if he wishes, easily remove all question by an appropriate pleading, or by obtaining the proper order of the court.

3. Appellant makes the point that, as the court found that he has never paid anything to the corporation for his shares, the stock was, therefore, void, and he was not liable thereon. Appellant relies on section 359 of the Civil Code, which provides that "no corporation shall issue stock or bonds except for money paid, labor done, or property actually received." The court did not find that Fortin was to receive these shares as a gratuity. It found that he, as did all other stockholders, subscribed for certain shares, and agreed to pay therefor $50 per share, but had not paid. He became creditor of the corporation beyond the amount he owed it as a subscriber, about the time he subscribed, and it may have been for this reason that he was not called upon to pay at the time he subscribed, or at all. Whatever the reason was, he entered into the agreement with his fellow-stockholders, and he furnished merchandise and labor to the corporation with knowledge of the agreement, and became indebted to the corporation for his shares as the others did. Under the circumstances he cannot be heard to question his liability as one of the original promoters of the enterprise which the corporation was formed to carry out. Fortin is in the same position as the stockholders whom he sues. They had not paid, nor had he. To obtain a judgment against them, he assumes that they are liable on their subscriptions, but for his subscription, made under the same circumstances as theirs, he is not liable. If the position be sound, he is "hoist with his own petard,"

and they, too, must escape liability. But we do not decide how far a promise to pay in the future for shares delivered will be regarded as "money paid, labor done, or property actually received." Respondents contend, and with reason, that a promise to pay may be enforced, and is property; that, for example, a promissory note given in good faith by a solvent subscriber in payment of his subscription is "property actually received." The question does not necessarily arise. Appellant is in no position to repudiate his obligation to the corporation. The law on the point, as upon other questions in this case, will be found in a learned note to Thompson v. Bank, 3 Am. St. Rep. 797.

4. It is not necessary to pass upon the motion to dismiss the appeal from the judgment. The errors complained of are reviewable on the appeal from the order, and hence the alleged defective appeal from the judgment is immaterial. Nor is it necessary to decide whether an agreement may be made among all the stockholders that the shares shall be deemed fully paid by payment of an agreed amount less than the par value. Such an agreement has been held to be good among the stockholders under circumstances when not conclusive as to creditors: See Thompson v. Bank, supra, note. Appellant, as a stockholder, was party to the agreement in the present case, and cannot avoid its consequences as a creditor. The judgment and order are reversed and the cause remanded for a new trial.