301 P.2d 334

**MIDWEST ROYALTIES, Inc., a Corporation, Plaintiff-Appellant,**

v.

**J. E. SIMMONS, Defendant-Appellee.**

Charles E. Brown; A. G. Rushing; J. W. Wallrich; J. E. Simmons; M. Stinebaugh; Virgil Linam; Warren Oil Company, a Corporation; H. D. Schenck; Earl Payne; Harriet V. Patten; Joseph N. Hicks and J. L. Burke, Jr., Defendants,

No. 6078.

Supreme Court of New Mexico.

Sept. 6, 1956.

Easley, Quinn & Stout, Hobbs, for appellant.

Hervey, Dow & Hinkle, W. E. Bondurant, Jr., Roswell, for appellee.

McGHEE, Justice.

The plaintiff (appellant) brought this action against the defendant, J. E. Simmons, and other defendants who are not concerned for the purpose of this appeal, seeking to quiet plaintiff's title to minerals in certain lands in Lea County. The case was never tried on its merits, and the present appeal is from the decision of the lower court denying plaintiff's motion to vacate an order of dismissal of the action as to defendant and appellee Simmons.

Prior to the appointment of the Honorable George T. Harris as District Judge of the Fifth Judicial District, the law firm of which he was a member signed answers for several defendants in the case.

Upon the case being called for trial on June 2, 1949, the presiding judge, the Honorable C. Roy Anderson, announced his disqualification in open court. The record here shows the following statements by the then attorney for the plaintiff, and Judge Anderson:

"Judge Harris will also be disqualified in this matter, and I wonder if we could arrange to have a judge certified to try this?

"The Court: Yes, sir, I will be happy to cooperate with you to get somebody here to try it for you. Do you have a number of witnesses who are out of Lea County?"

On July 25, 1949, depositions were filed in the case; on February 14, 1950, a motion of the plaintiff to dismiss the action as to two defendants who had been given quitclaim deeds by it and an order of dismissal thereon signed by Judge Harris were filed. The attorney testified that he initialed the order of dismissal and sent it and the motion to dismiss to the attorneys for the defendants named therein, but that it did not occur to him the motion and order might be submitted to Judge Harris.

On November 9, 1951, the defendant Simmons filed a motion to dismiss the action under Rule 41(e), § 21–1–1 (41) (e), NMSA, 1953, because of the failure of the plaintiff to take any action toward bringing the case to trial for more than two years. A certificate of the mailing of notice of such motion to the then attorney for plaintiff was executed by Mr. James M. Hervey, one of the attorneys for defendant Simmons. An order of dismissal of the cause as to Simmons was thereafter signed by Judge Harris and filed in the case on February 5, 1952. Mr. Neal testified he had no recollection of ever seeing the copy of that motion to dismiss and that it was not in his files. On March 27, 1953, the plaintiff learned the order of dismissal had been filed, but waited until October 16, 1953, to file a motion under Rule 60(b), § 21–1–1(60) (b) NMSA, 1953, asking that such order be vacated. As already noted, this appeal is taken from the decision of the lower court denying said motion to vacate the order of dismissal.

The first contention of the plaintiff is that Judge Harris was disqualified to sit in the case because of the provisions of Art. VI, § 18, of the New Mexico Constitution, which reads:

"No judge of any court nor justice of the peace shall, except by consent of all parties, sit in the trial of any cause in which either of the parties shall be related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest."

It is conceded a statutory affidavit of disqualification of Judge Harris was not filed and, also, that no one in any manner called to his attention the fact he had been one of the attorneys in the case; neither the plaintiff, nor anyone else, objected to his acting as judge in the case.

We held in Gutierrez v. Middle Rio Grande Conservancy District, 1929, 34 N.M. 346, 282 P. 1, 4, 70 A.L.R. 1261, the constitutional provision did not contain an

absolute disqualification, but conferred a right upon litigants which they might either exercise or waive by consent. We there said:

> "* * * If a litigant chooses to avail himself of his constitutional right, then our procedure requires that some motion, objection, or other appropriate remedy be invoked calling the grounds of disqualification to the court's attention and demanding a ruling thereon."

See also Tharp v. Massengill, 1933, 38 N.M. 58, 28 P.2d 502.

The plaintiff says Mr. Neal meant by his statement quoted above to announce a present fact—that is, that Judge Harris was disqualified under the Constitution, while the defendant Simmons says it indicated an intention to disqualify Judge Harris in the future. There is no claim that Mr. Neal's statement was brought to the attention of Judge Harris, or that it was transcribed and filed with the papers in the case until the time of the hearing before the court below on the motion to vacate the order of dismissal.

We should state here that the answers of the defendants which were filed by the firm of which Judge Harris was a member were signed by a partner on its behalf, Mr. A. D. Williams. Knowing Judge Harris as we do, we are confident when he signed the orders in this case he was not conscious of the fact his firm had been attorneys for some of the defendants in the case.

Orders of dismissal of this case and others for failure to prosecute were entered by Judge Anderson on his own motion some three months prior to the filing of the motion to vacate the order of dismissal of Judge Harris. The plaintiff also moved to set aside Judge Anderson's order of dismissal, and a hearing was held on these motions by the lower court, which held the order signed by Judge Anderson was void, although it held the order of Judge Harris was valid. These rulings, the plaintiff contends, are inconsistent, apparently overlooking the fact that Judge Anderson had recused himself in open court and the parties had not later agreed that he should act.

■ We hold Judge Harris had not been disqualified in the case and that he was acting within his jurisdiction when he signed the order of dismissal.

The judge of the lower court held the motion to vacate the order of dismissal under Rule 60(b) was not timely filed, but if the setting aside of the order of dismissal of Judge Harris was a matter within his discretion, then in the exercise of such discretion he refused to vacate it.

When asked why the case was allowed to drag along so long, plaintiff's former attorney stated it was just one of those things that got lost in the shuffle. It was

in part because of such delays that Rule 41(e) was adopted. The plaintiff did not set out in its motion to vacate any excuse for its delay in bringing the case to trial, or make any showing that it came within the implied exceptions we set out in Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 180 P.2d 790, so that it might have a chance to successfully resist the motion to dismiss if it were given the opportunity to defend against the motion.

 The then attorney for defendant Simmons, Mr. Hervey, did all that was required of him under our rules when he mailed a copy of the motion to dismiss to opposing counsel and made due certificate of that fact and filed it in the case. The failure of the attorney to receive the motion, if such was the fact, did not relieve his client from the legal effects following the filing of such pleading. Phelps v. Schmuck, 1940, 151 Kan. 521, 100 P.2d 67. Even if it is required that notice be given of a motion to dismiss under Rule 41(e), failure to give such notice is not a jurisdictional error. Zielinski v. United States, 2 Cir., 1941, 120 F.2d 792.

Had the motion to vacate been promptly filed after the plaintiff learned of the entry of the order, the statement of Mr. Neal to the effect he had never received a copy of the motion would, no doubt, have considerably influenced the lower court in the exercise of its discretion.

The plaintiff relies on Adams & McGahey v. Neill, 1954, 58 N.M. 782, 276 P.2d 913, where a plaintiff took a default judgment against the defendant while an answer was on file without giving the defendant notice of his application therefor. The rule required three days' notice before a default judgment could be taken where a defendant had appeared, and it was not even claimed a notice had been mailed to the defendant's attorney, or notice given the defendant in any manner. That case is not in point here.

 There is nothing in the record that would justify us in holding the lower court abused its discretion in refusing to vacate the order, even if that were the controlling factor in the case.

For the reasons above stated the judgment will be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.