444 P.2d 577

STATE of New Mexico, Plaintiff-Appellee,

v.

Joseph Alvin MILLER, Defendant-Appellant.

No. 8488.

Supreme Court of New Mexico.

June 10, 1968.

Rehearing Denied Sept. 5, 1968.

Ray Hughes, John F. Schaber, Deming, for appellant.

Boston E. Witt, Atty. Gen., Robert L. Woodward, Gary O. O'Dowd, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant-appellant Joseph Alvin Miller, having been sentenced by the District Court of Luna County, New Mexico, in criminal causes Nos. 2530 and 2531, upon his plea of guilty to second degree murder in each case, filed motions under Rule 93 (§ 21–1–1(93), N.M.S.A., 1953 Comp., 1967 Pocket Supp.), to vacate the judgments and sentences imposed by the court. The motions were denied and this appeal resulted.

On September 15, 1959, an information was filed in criminal cause No. 2528, Luna County, charging appellant, together with Charles Anthony French and Carl Clayton Gilstrap, with two counts of murder in the first degree. Count I charged appellant, French and Gilstrap with the murder of Audney Hollis on July 12, 1959, in violation of § 40–24–4, N.M.S.A., 1953 Comp. Count II charged Miller, French and Gilstrap with the murder of J. A. Anderson on July 12, 1959.

Upon a criminal complaint sworn to on July 15, 1959, before a justice of the peace in Luna County, appellant was accused of the murders of Audney Hollis and Eddie Anderson, while perpetrating a robbery in violation of "Sec. 40–14–4, N.M.S.A.1953 Comp. [sic § 40–24–4, supra]." Appellant pleaded guilty on September 1, 1959. Bond was set and appellant held for a preliminary hearing set for September 9, 1959.

On September 21, 1959, there was filed in the district court clerk's office of Luna County a letter from the district judge relative to cause No. 2528, State v. Miller, appointing Sherman and Hughes as attorneys for appellant Miller.

On October 19, 1959, two informations were filed in the District Court of Luna County. In the information in cause No. 2530, appellant was charged with second degree murder of J. A. Anderson on July 12, 1959, contrary to § 40–24–4, supra. In cause No. 2531, he was charged with second degree murder of Audney Hollis.

On the same day, October 19, 1959, appellant appeared in the district court, accompanied by his attorney, and entered a plea of guilty to the charges in both causes Nos. 2530 and 2531. In both causes, after the entry and acceptance of the plea of guilty, the district court stated that the sentence under each specific charge was withheld by the court "pending further proceedings here" and "pending further proceedings."

Also on October 19, 1959, an information was filed against appellant in the district court in criminal cause No. 2532, accusing appellant of being an habitual criminal, and on the same day appellant, accompanied by his attorney, entered a plea of guilty to the charge and was sentenced to life imprisonment.

In Miller v. Cox, 75 N.M. 65, 400 P.2d 480 (1965), we reapproved what was said in French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964), holding that the sentence imposed under the Habitual Criminal Act was void. We remanded appellant to the dis-

trict court for the imposition of sentences in causes Nos. 2530 and 2531.

On April 6, 1965, pursuant to the mandate in Miller v. Cox, supra, judgment and sentences were entered in causes Nos. 2530 and 2531, sentencing appellant in each cause to a term of not less than three years nor more than his natural life. The trial court allowed credit to appellant on his sentences from October 19, 1959, the date the improper sentence was imposed.

■ Two points raised by appellant are as follows:

"1. Did the District Court have jurisdiction to impose sentences in Criminal Nos. 2530 and 2531 in the hearing held on April 6, 1965?

"2. Was the District Judge who imposed the sentences disqualified because of having been the District Attorney that prosecuted the Defendant in the original proceedings in 1959?"

Appellant contends (1) that the district court did not have jurisdiction to impose sentences in causes Nos. 2530 and 2531 at the hearing held on April 6, 1965; and (2) that the district judge who imposed the sentences was disqualified because he was the district attorney who prosecuted appellant in the original proceedings.

As hereinbefore set out, after appellant pleaded guilty in causes Nos. 2530 and 2531, the district court, in cause No. 2530, stated that he would accept the plea but would withhold the imposition of sentence in each case "pending further proceedings here." In cause No. 2531 the court stated he would withhold the imposition of sentence "pending further proceedings." It is argued that, because of the language of the district judge quoted above, there was no intent to retain jurisdiction, and that the court did not retain jurisdiction to invoke the sentences in 1965.

Under the second contention, appellant cites Art. VI, § 18, of our Constitution, which provides:

"No judge of any court nor justice of the peace shall, except by consent of all

parties, sit in the trial of any cause * * * in which he was counsel, * * *."

We cannot accept either of these contentions. As to the first, appellant submitted this issue to the federal court in Miller v. Rodriguez, (10th Cir.1967), 373 F.2d 26. There the court said:

> "The mere correction of a sentence promptly after it is discovered that the original sentence, imposed six years earlier, was erroneous does not support the constitutional burden Miller claims. * * *"

The court also quoted from Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), wherein the Supreme Court of the United States used the following language:

> "* * * 'This Court has rejected the "doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence." [Citation omitted] The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.' "

As to the second contention, we note that appellant was represented by two able and capable attorneys, Mr. Benjamin M. Sherman and Mr. Ray Hughes. Mr. Hughes is the attorney for appellant on this appeal.

The record discloses that in the proceedings on April 6, 1965, the court itself brought up the subject stating that, at the time the information was filed he was the district attorney and was possibly disqualified to hear the matter, unless it was consented to. The court asked appellant if he desired to consent to the court proceeding with the matter and appellant replied in the affirmative. The court then asked appellant's attorney, Mr. Hughes, if it was acceptable to him and Mr. Hughes replied "Yes, sir." It was also made clear to appellant that the court was proceeding in conformity with our decision in Miller v. Cox, supra, dated March 22, 1965.

Appellant asks, however, "But was such 'consent' under the circumstances existing at the time to have resulted from some pressure or influence upon him as to disable him from making a free or rational choice?"

It is settled that the constitutional provision, Art. VI, § 18, does not contain an absolute disqualification, but confers a right on a litigant which he may either exercise or waive by consent. Midwest Royalties v. Simmons, 61 N.M. 399, 301 P.2d 334 (1956). See also, Gutierrez v. Middle Rio Grande Conservancy District, 34 N.M. 346, 282 P. 1, 70 A.L.R. 1261 (1929), where we said:

> "* * * If a litigant chooses to avail himself of his constitutional right, then our procedure requires that some motion, objection, or other appropriate remedy be invoked calling the grounds of disqualification to the court's attention and demanding a ruling thereon."

The record is clear in the instant case that appellant, with the aid of counsel, not only waived his right to disqualify the sentencing judge, but actually agreed that he should preside.

Appellant next contends that the district court erred in its findings of fact Nos. 8, 9 and 10, to the effect that no inculpatory statements made by appellant were used against him; that he voluntarily, intelligently, competently and knowingly waived extradition and counsel at arraignment in the justice of the peace court and at the preliminary hearing in causes Nos. 2530 and 2531; that the district court erred in refusing to adopt requested finding No. 19, that appellant's court-appointed counsel in the district court proceedings failed to advise him of his constitutional rights to representation during the pretrial proceedings; failed to advise him of his rights to any post-trial procedures; and failed to provide appellant with representation necessary to protect his rights or defend him in these cases.

The burden of showing that appellant's waiver of right to counsel was not

intelligently and understandingly made is on appellant. State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967). At the hearing in the district court it was stipulated that appellant expressly waived extradition. Appellant's confession was not used against him in the district court, although admitted in evidence at the preliminary hearing. The confessions were introduced into the record solely in connection with the issue of lack of counsel, and as proof that the pleas of guilty induced, or helped to induce, appellant to plead guilty in the district court.

The most persuasive evidence of the voluntariness of a plea is, however, the fact that the accused is represented by capable counsel at the time the plea is entered. Lattin v. Cox, (10th Cir.1966), 355 F.2d 397. This court has consistently held that a preliminary hearing is waived upon entry of a plea in the district court. State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966); State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966). If the preliminary examination can be waived, the right to counsel at the preliminary hearing can also be waived. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964). See also, State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967). Also, no prejudice resulted from appellant's failure to be represented at the preliminary hearing. The district court's findings on these points are correct.

We now approach the most serious question presented on this appeal. The motions under Rule 93 were denied. The court made the following finding of fact:

"12. No promises of leniency were made to the defendant by the District Attorney or any one else to induce him to plead guilty at any time and neither was any force, threats, coercion or undue influence exercised on defendant to get him to plead guilty, however, there was certain newspaper and radio publicity which did not prejudice defendant in any manner and defendant was treated fairly and impartially at every stage of the proceedings against him."

Appellant also claims error in the trial court's refusal to grant the following requested findings of fact:

"13. Following his appointment of counsel, the District Attorney offered to reduce the charges to second degree murder if the defendant would plead guilty thereto, with the understanding that only one sentence would be imposed against him.

"14. That with such understanding, on or about October 19, 1959, informations were filed in the above numbered actions for second degree murder to which the defendant pleaded guilty, but no judgment nor sentences were rendered by the court.

"15. At the same time, on or about October 19, 1959, a third information was filed, being Criminal Action No. 2532, under the Habitual Criminal Act of New Mexico, to which a plea of guilty was made and judgment and sentence of life imprisonment was imposed."

Appellant, in his motion under Rule 93, alleged in part:

"6. That at the time of the hearings on Actions 2530, 2531 and 2532 on October 19, 1959, the defendant having been previously informed that he was charged with first degree murder to each of the homicides involved, agreed to 'cop a plea' to second degree murder in each case with an understanding that only one sentence would be asked for or invoked against him which, in fact, was done; but after that original sentence was declared void, he was given two consecutive sentences based on his previous guilty pleas in these actions which renders such pleas a nullity and the subsequent sentences void.

"7. That the District Court, on April 6, 1965, in invoking two sentences having maximum periods of life imprisonment to run consecutively, imposes a more severe punishment than the previous single sentence of a maximum of life imprisonment, and the imposition of a more severe punishment is invalid and in effect

is a penalty against defendant for having taken proceedings to test the validity of the first sentence."

The motions came on for hearing in the District Court of Luna County on March 3, 1967, before another district judge who had been designated by this court. Certain exhibits were stipulated to and received in evidence and only one witness Ray Hughes testified:

"Q. State your name?

"A. Ray Hughes.

"Q. You are an attorney licensed to practice law in the State of New Mexico?

"A. Yes, sir.

"Q. And were you so licensed during the month of September, 1959?

"A. Yes, sir.

"Q. And at that time were you, together with Mr. Sherman, Mr. Benjamin M. Sherman, appointed as court-appointed counsel to represent the Defendant in these proceedings, Mr. Miller?

"A. Yes, sir.

"Q. Now subsequent to your appointment, Mr. Hughes, did you receive any communication from the Office of the District Attorney regarding the entry of any plea in either Criminal #2530 or 2531?

"A. Any kind of communication? I had conversations.

"Q. That is what I had in mind, Yes, sir. And if you can recall what those conversations were regarding this particular cause would you please relate to the Court what you remember?

"A. My best recollection, after having tried to remember the best I can, is that this Defendant was charged with first degree murder in two counts or two separate charges. After the appointment to represent him sometime in the latter part of September 1959, I was approached by the District Attorney and was informed that in regard to the other two cases, and I am referring to French and Gil-

strap cases, that they were going to plead guilty to second degree murder and I was asked if I thought Mr. Miller would do the same thing. I remember, I don't remember exactly where I was at the time, but I am sure I was either in the Court House or on these premises somewhere, because I ran, after he left, I ran all the way up to the top of the jail where Mr. Miller was being kept at this time and talked to him about this and then I was authorized to continue the discussion with the District Attorney by him in regard to him, in regard to the charges being changed from first degree murder to second degree murder and what the sentence would be or in regard, not necessarily what the sentence would be, but what the possible sentences would be.

"Q. Now, Mr. Hughes, if you can recall, do you remember whether or not there was any communication or conversation regarding what or what number of sentences would be imposed on this Defendant in the event that he pleaded to a second degree murder charge.

"A. I understood it to be that he would receive one sentence.

"Q. All right, sir. And as a result of this conversation with the District Attorney and with the Defendant, did he thereafter plead, as the record shows?

"A. That is correct.

"MR. SCHABER: That is all.

"COURT: Do you have any cross examination?

"MR. MARTIN: One question, Your Honor.

"Q. Who was the representative of the District Attorney's Office with whom you discussed this matter?

"A. Norman Hodges.

"MR. MARTIN: No further questions."

Appellant attacks the trial court's finding No. 12 on the ground that the record of these two causes discloses, by uncontradicted evidence, that appellant was promised leniency to the extent that, if he pleaded guilty to the two separate charges

of second degree murder, he would receive only one sentence, and that the evidence is contrary to the court's finding of no promise of leniency. Appellant argues that he received only the one habitual criminal sentence in cause No. 2532, in conformity with the promise of leniency, and that no sentences were contemplated or intended to be imposed in causes Nos. 2530 and 2531. Appellant also argues that it was not until his sentence in cause No. 2532 was declared void in March 1965, and the cause remanded to the district court in Miller v. Cox, supra, that the two sentences were imposed in the instant case on April 6, 1965.

Appellant cites Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962), cited by this court in State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967). Machibroda alleged that the prosecutor had promised him no more than twenty years if he would plead guilty. Machibroda, represented by counsel, pleaded guilty but was sentenced to forty years in prison. The Supreme Court of the United States held that, under the facts there present, the plea of guilty and sentence were void. The court stated only that a guilty plea is void if induced by promises or threats which deprive it of the character of a voluntary act. The theory in support of the result is not explained in the opinion. Neither is the content of the "voluntary" standard provided. 32 U.Chi.L.Rev. 167, 169 (1964), 112 U.Pa.L.Rev. 865, 872 (1964). The facts in Machibroda are materially different from the facts in the case before us.

As appears from the testimony of the witness Ray Hughes, appellant having been previously charged with first degree murder in two separate charges, Hughes was approached by the district attorney and informed that, in two other cases involving French and Gilstrap they were going to plead guilty to second degree murder, and that Hughes was asked if appellant would do the same thing. Hughes then consulted with appellant in regard to the charge being changed from first degree murder to second degree murder and what the possible sentences would be. Hughes then testified that, from his conversations with the district attorney—"I understood it to be that he would receive one sentence."

It is thus readily seen that no promise of anything in particular was made. The testimony also reflects that Mr. Hughes understood, as he must have being an experienced and capable lawyer, that the district attorney could not promise what the sentences would be, this being within the province of the district judge. See, Lattin v. Cox, supra; Putnam v. United States, (10th Cir.1964), 337 F.2d 313; Barber v. Gladden, (9th Cir.1964), 327 F.2d 101.

After this Mr. Hughes consulted with appellant and the two pleas of second degree murder were entered. The sentences were deferred. This was followed by a new charge under the Habitual Criminal Act, to which appellant, accompanied by his attorney, entered a plea of guilty and he was sentenced to life imprisonment. However, appellant was not satisfied and he sought habeas corpus, where he complained that the sentence under the Habitual Criminal Act was a nullity. In this appellant was sustained and the judgment voided. Miller v. Cox, supra. We remanded appellant to the district court for the imposition of sentence in causes Nos. 2530 and 2531. The trial court, following the directions of the mandate, sentenced appellant to two terms of not less than three years nor more than life.

Appellant's only complaint now is that he received two sentences instead of one sentence, as allegedly promised. As we read Mr. Hughes' testimony, it is not contrary to that part of the finding which states that no promise of leniency was made. Neither does the proof otherwise establish such a promise, or in what manner appellant was misled, or that his plea was other than voluntary. See, Putnam v. United States, supra.

As to appellant's complaint that he received two sentences instead of one, we

direct attention to § 42–1–59, N.M.S.A., 1953 Comp., which reads:

"Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined."

It would appear that, under the above quoted section, the two sentences are "one continuous sentence."

. It follows from what has been said that the judgment should be affirmed.

It is so ordered.

NOBLE, MOISE, COMPTON and CARMODY, JJ., concur.