517 P.2d 67

Harold L. FREEDMAN, Plaintiff-
Appellant,
and

Celina Raff, C. E. Clark, R. C. Clark, John
Nance, Richard A. Freedman, Tierra Nueva,
Inc., Corrales Development, Skyline Cor-
poration, Melissa M. Ruybalid, Ernest
Alary, Clementina M. Trosello, Mark K.
Trosello, Genevieve L. Carlson and Irene K.
Davidson, Defendants-Appellants,

v.

Teofilo PEREA, Defendant-Appellee.

No. 9805.

Supreme Court of New Mexico.

Dec. 21, 1973.

Philip R. Ashby, Don Wilson, George
W. Hannett, John A. Nance, pro se, Terr-
ance L. Dolan, Heister H. Drum, Albu-
querque, for defendants-appellants.

Lorenzo Chavez, Emmett Hart, Leof T.
Strand, Albuquerque, for defendant-appel-
lee.

OPINION

McMANUS, Chief Justice.

The District Court of Sandoval County,
New Mexico, entered a final decree in
cause No. 3650, Freedman v. Montano, et

al. The decree was based on a stipulation signed by all the parties, dated June 20, 1969, and purported to adjudicate the titles of various claimants to a number of tracts of land located in the westerly extensions of Middle Rio Grande Conservancy District as shown in Middle Rio Grande Conservancy District Map 15, Sections 21, 22 and 23, Township 12 North, Range 3 East, N.M.P.M., Sandoval County, New Mexico. The date of the decree was July 7, 1970. Some 28 months later, Teofilo Perea, one of the defendants in the suit, filed a motion to set aside the final decree as to him. The ground asserted by Perea was to the effect that the final decree was contrary to the stipulation, that said decree was entered without notice to him, and that he had a meritorious defense. The motion was granted and entered April 25, 1973. From that order this appeal was filed.

The reasons for the filing of this suit in the first place were that all of the parties claimed more acreage than existed within the exterior boundaries of the area. At a meeting in 1969 the parties stipulated that John W. Bettis, a licensed surveyor, would survey and prepare a plat of the lands in question. The purpose of the survey was to apportion the claims of the respective parties. Those signing the stipulation agreed to this. However, the stipulation contained the following language:

"IT IS HEREBY STIPULATED between the undersigned parties as follows:

"1. *With the exception of* Sedillo Title Guaranty, Inc., Trustee, Texaco Conference Association of Seventh Day Adventists, *Teofilo Perea*, the undersigned parties generally approve of settling their respective claims by dividing the available lands in the manner shown on a map prepared by J. W. Bettis at the request of the Court, copy of which is attached hereto. * * *" (Emphasis supplied.)

Based upon this stipulation, a final decree was entered on July 7, 1970 which attempted to bind Perea to the survey prepared by Bettis. This was error since a common-sense reading of the stipulation shows that Perea is an exception to the contents of the stipulation and therefore should not be bound thereby. In other words, parties whose rights are expressly reserved by the stipulation's terms, are not bound by it. Richardson v. Chicago Packing & Provision Co., 6 Cal.Unrep. 606, 63 P. 74 (1900).

Furthermore, the court should not have made findings which were contrary to the terms of the stipulation. As stated in Richlands Irr. Co. v. Westview Irr. Co., 96 Utah 403, 422, 80 P.2d 458, 467 (1938):

"Where parties * * * reduce their respective rights and priorities to writing and stipulate that a decree may be entered in conformity thereto, such contract if lawful has a binding effect on the decree that may be entered. It has all the binding effect of findings of fact and conclusions of law made by the court upon evidence, and more. A court may modify its findings in apt time but it cannot change or modify a contract of the parties. * * *"

Appellants argue that Perea's motion was not timely. Rule 60(b)(6), Rules of Civil Procedure for the District Courts, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * *

"(6) Any other reason justifying relief from the operation of the judgment. * * *"

"The only time limit on a motion seeking relief under Rule 60(b)(6) is that it be made within a reasonable time."

Chavez v. Village of Cimarron, 65 N.M. 141, 146, 333 P.2d 882, 885 (1958). What constitutes a reasonable time, however, depends on the circumstances of each case. Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329 (1964).

The trial court's decree in this case was based upon the following circumstances. The final decree was entered without notice to Perea and came about some 60 days after his attorney had passed away. A search was made in order to locate the judgment and, when it was finally found, it was ascertained that the judgment was contrary to the stipulation. A motion to set aside the judgment was then filed.

Whether a judgment will be set aside under Rule 60(b), supra, is ordinarily a matter within the trial court's discretion. Perez v. Perez, 75 N.M. 656, 409 P.2d 804 (1966); Weisberg v. Garcia, 75 N.M. 367, 404 P.2d 565 (1965); Gilmore v. Griffith, 73 N.M. 15, 385 P.2d 70 (1963); Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797 (1962); Midwest Royalties v. Simmons, 61 N.M. 399, 301 P.2d 334 (1956). Furthermore, the trial court's determination will ordinarily not be reversed except for an abuse of discretion. Guthrie v. U. S. Lime and Mining Corporation, 82 N.M. 183, 477 P.2d 817 (1970); Starnes v. Starnes, 72 N.M. 142, 381 P.2d 423 (1963); Rogers v. Lyle Adjustment Company, supra.

Under the circumstances related, we conclude that there was no abuse of discretion and that therefore the motion was not untimely filed.

The judgment of the trial court is affirmed.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.