This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41221

**MARC GRANO, as Personal Representative
of the Estate of ISIDRO ERNIE LUCERO,**

      Plaintiff-Appellant,

v.

**BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO; UNITED HEALTHCARE
SERVICES, INC.; UNITED HEALTHCARE OF
NEW MEXICO, INC.; OPTUM CARE, INC.;
OPTUMHEALTH CARE SOLUTIONS, LLC;
OPTUM MEDICAL SERVICES, P.C.; OPTUM
CLINICAL SERVICES, INC.; OPTUMCARE
HOLDINGS NEW MEXICO, LLC; OPTUMCARE
NEW MEXICO, LLC; and LAURA BELLEW, CNP,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Elaine P. Lujan, District Court Judge**

Law Office of James H. Wood, PC
Zacary E. Wilson-Fetrow
Thomas G. Wood
James H. Wood
Albuquerque,NM

for Appellant

Riley Keller Alderete Gonzales
Spirit A. Gaines
Albuquerque, NM

for Appellee Board of Regents of the University of New Mexico

Lewis Roca Rothgerber Christie LLP
Robert M. Kort
Phoenix, AZ

for Appellees United Healthcare Services, Inc., United Healthcare of New Mexico, Inc.,
Optum Care, Inc., Optumhealth Care Solutions, LLC, Optum Medical Services, P.C.,
Optum Clinical Services, Inc., and OptumCare Holdings New Mexico, LLC

Miller Stratvert P.A.
Thomas R. Mack
Kelsey D. Green
Max A. Jones
Laureana A. Larkin
Albuquerque, NM

for Appellee OptumCare New Mexico, LLC

Hinkle Shanor LLP
Kathleen Wilson
Hari-Amrit Khalsa
Albuquerque, NM

for Appellee Laura Bellew, CNP

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff Marc Grano, as personal representative of the wrongful death estate of Decedent Isidro Lucero, initially filed an action against the Board of Regents of the University of New Mexico (Regents), United Healthcare Services, Inc., United Healthcare of New Mexico, Inc., Optum Care, Inc., Optum Healthcare Solutions, LLC, Optum Medical Services, P.C., Optum Clinical Services, Inc., OptumCare Holdings New Mexico, LLC, OptumCare, New Mexico, LLC, and Laura Bellew, CNP, (collectively, Defendants) in the First Judicial District Court in March 2021. The case was dismissed for improper venue in October 2021 by a stipulated order that included a twenty-one-day refiling deadline. Plaintiff did not file within the twenty-one days; he refiled in the Second Judicial District Court seven months after the stipulated deadline. The district court dismissed the claims in the second action as time-barred. Plaintiff appeals, arguing that the second dismissal was improper and the action was timely filed because (1) the relevant statutes of limitation were tolled during the pendency of the claims in the First Judicial District Court, (2) the dismissal for improper venue did not have a preclusive effect, and (3) the discovery rule applies to the claims brought under the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020). However, Plaintiff fails to cite any authority or develop any argument to establish that the stipulated deadline should not have been enforced. Because Plaintiff has failed to rebut

the presumption that the district court's ruling is correct, we affirm. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

## BACKGROUND

{2}     Plaintiff filed a complaint against Defendants in the First Judicial District Court in March 2021, alleging negligence, wrongful death, and medical malpractice, among other claims. Regents filed a motion to dismiss for improper venue, arguing that, by statute, it had to be sued in Bernalillo County. With no response from Plaintiff after several months, Regents asked the First Judicial District Court to rule on its motion to dismiss for improper venue. In October 2021, Plaintiff stipulated to an order which dismissed the action with prejudice for improper venue, but allowed twenty-one days to refile in the proper venue—the Second Judicial District. Plaintiff failed to refile within the twenty-one-day period, and instead refiled in the proper venue in May 2022, approximately seven months after the stipulated order was entered.

{3}     Defendants filed motions to dismiss, arguing that Plaintiff's complaint was untimely, considering the twenty-one-day refiling period had lapsed, and that in any event, the statutes of limitation had run on Plaintiff's claims under the respective statutes for each claim. At the hearing on Defendants' motions to dismiss, Plaintiff's counsel conceded that he had stipulated to the order and that he had erred by doing so.

{4}     The district court dismissed the claims against all Defendants for Plaintiff's failure to timely file the complaint in the Second Judicial District Court. In its order dismissing Plaintiff's claims, the district court found that:

1.     Plaintiff originally filed a lawsuit in the First Judicial District Court on March 4, 2021. However, the First Judicial District Court dismissed the case with prejudice because of improper venue. The parties stipulated and the First Judicial District Court ordered that should Plaintiff wish to refile it needed to be done within twenty-one (21) days of the Court's Order, which was filed on October 5, 2021.

2.     The stipulation and dismissal of the first case in the First Judicial District did not give Plaintiff unbridled discretion to elect when to file in the correct venue.

## DISCUSSION

{5}     The various Optum and United Healthcare Defendants argue that the twenty-one-day timeline in the stipulated order entered into by the parties was enforceable and that Plaintiff cites no authority to suggest that the stipulated order was unenforceable. We agree.

**{6}** Parties have the right to enter into stipulations, including those that "reduce their respective rights and priorities." *Freedman v. Perea*, 1973-NMSC-124, ¶ 4, 85 N.M. 745, 517 P.2d 67 (text only) (citation omitted). Those stipulations "ha[ve] all the binding effect of findings of fact and conclusions of law made by the court upon evidence." *Id.* (text only) (citation omitted); *see Lea Cnty. Good Samaritan Vill. v. Wojcik*, 1988-NMCA-102, ¶ 22, 108 N.M. 76, 766 P.2d 920 ("[S]tipulations accepted by the court are considered conclusive and binding as to the matters embraced therein."). New Mexico courts "look with favor upon stipulations designed to simplify, shorten, or settle litigation and save time and costs to the parties, and such stipulations will be encouraged by the courts, and enforced by them, unless good cause is shown to the contrary." *S. Union Gas Co. v. Cantrell*, 1953-NMSC-092, ¶ 6, 57 N.M. 612, 261 P.2d 645. Plaintiff has failed to show that there was good cause for the Second Judicial District Court to disregard the order he stipulated to.

**{7}** As a general rule, stipulations will be enforced as long as the "stipulations are not unreasonable, [or] against good morals or sound public policy." *Id.* (text only) (citation omitted). Here, although Plaintiff makes the conclusory assertion that the order he stipulated to "impermissibly restricts [his] causes of action," he does not develop an argument that the stipulated order is unreasonable or that it goes against good morals or public policy, and we will not develop an argument for Plaintiff. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not . . . guess at what a party's arguments might be.") (text only) (citation omitted). Plaintiff also does not cite to any authority which suggests that the twenty-one-day refiling deadline in the stipulated order was against public policy or good morals, or that the time limitation was unreasonable. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority and will not research authority for counsel).

**{8}** Because Plaintiff has failed to meet his burden to show that the district court erred, *see Corona*, 2014-NMCA-071, ¶ 26, we affirm.

**CONCLUSION**

**{9}** We affirm.

**{10}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**